**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**JOYCE HOWE**                                                                        **PLAINTIFF**

**v.**                                **No. 5:16-CV-00067-JLH-PSH**

**NANCY A. BERRYHILL,**
Acting Commissioner,
Social Security Administration                                       **DEFENDANT**

**RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**REASONING FOR RECOMMENDED DISPOSITION**

Joyce Howe applied for social security disability benefits with an alleged disability onset date of January 1, 1990. (R. at 116). She filed her application on March 14, 2012. (R. at 116). After a hearing, the administrative law judge (ALJ) denied benefits. (R. at 23). The Appeals Council denied her request for review . (R. at 1). The ALJ's decision thus stands as the Commissioner's final decision, and Howe has requested judicial review.

For the reasons stated below, the magistrate judge recommends affirming the Commissioner's decision.

I.     **The Commissioner's Decision**

The ALJ found that Howe had the severe impairments of mild degenerative disk disease, anxiety disorder NOS, and pain disorder associated with both medical and psychological factors. (R. at 13). The ALJ noted that there was a lack of clinical evidence to support the diagnoses of hepatitis C, rheumatoid arthritis, and fibromyalgia, and so determined that these were neither severe nor medically determinable impairments. (R. at 13). The ALJ determined that Howe's impairments left her with the residual functional capacity (RFC) to lift and carry 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk two hours, with a cane, in an eight-hour workday; sit for six hours in an eight-hour workday with the option to alternate sitting and standing for intervals of 15 minutes; push and/or pull 10 pounds occasionally and less than 10 pounds frequently; understand, remember, and carry out simple job instructions; make judgments in simple work-related situations; respond appropriately to coworkers/supervisors with occasional incidental contact that is not necessary to perform the work; and respond appropriately to minor changes in usual work routine. (R. at 15–16). Howe had no past relevant work. (R. at 21). The ALJ questioned a vocational expert, who indicated that a person of Howe's age, education, work experience, and RFC could perform jobs such as document preparer or table worker. (R. at 22). The ALJ therefore held that Howe was not disabled. (R. at 22–23).

II.    Summary of Medical Evidence

Howe was born on April 15, 1971. (R. at 116). She has no significant work history. (R. at 122–25).

Medical evidence shows that she complained of severe joint pain and stiffness as far back as 2006 to Anna Redman, M.D. (R. at 512). This evidence was not presented to the ALJ but was presented to the Appeals Council. (R. at 5).

Howe has seen her primary care physician, Paul W. Davis, M.D., since at least 2011. (R. at 236). Dr. Davis noted a history of hepatitis C, rheumatoid arthritis, fibromyalgia, generalized anxiety disorder, and hypothyroidism on November 30, 2011. (R. at 237). On December 12, 2011, Dr. Davis noted that Howe had used a month's supply of Xanax and Hydrocodone in two weeks and that he was considering letting her go as a patient. (R. at 236). On December 19, 2011, he noted that there had been a misunderstanding and that Howe could continue as his patient. (R. at 235). Dr. Davis prescribed Percocet on February 1, 2012 when Howe presented with severe pain in her left leg after a fall. (R. at 235). Dr. Davis refused to refill the Percocet on February 13, 2012 when Howe said that she had once again hurt her leg. (R. at 336).

Howe presented to the emergency room at Jefferson Regional Medical Center on March 15, 2012, complaining of chest pains and a possible stomach infection. (R. at 288). The record reflects that Howe had misused cocaine, crack, and methamphetamine in the past but had quit. (R. at 289). She demonstrated normal strength and range of motion. (R. at 289). She was diagnosed with constipation and chest wall pain. (R. at 291). She presented crying and emotionally labile on April 12, 2012, and Dr. Davis noted that labs were pending. (R. at 335). After Howe called in crying on April 23, 2012, Dr. Davis suggested Zoloft. (R. at 335). On May 16, 2012, Howe called Dr. Davis about a fall she suffered the day before, complaining of a problem with her hand and a wrist injury. (R. at 334). She visited Dr. Davis the next day, and he noted contusions on her legs and that she stated she could not afford the Zoloft he had previously prescribed. (R. at 334).

On July 18, 2012, Howe asked to see a pain doctor due to worsening pain and reported that her rheumatologist could not help her because of her hepatitis. (R. at 332).

Howe visited the emergency room of Jefferson Regional Medical Center on August 5, 2012 with complaints of chest pain. (R. at 257). She was diagnosed with back pain and dysmenorrhea. (R. at 259). She presented again on August 8, 2012 with further complaints of back pain. (R. at 253).

Dr. Davis noted on August 9, 2012 that Howe was calling every day with more problems. (R. at 331). He noted that she might have to seek treatment from a neurologist or pain clinic but that he would not give her large amounts of narcotics. (R. at 331). On August 16, 2012, Dr. Davis authorized a walker at Howe's request. (R. at 331).

Howe treated between August and September 2012 at United Pain Care under Mahmood Ahmad, M.D. (R. at 316–23). Dr. Ahmad diagnosed fibromyalgia, osteoarthritis, sleep disturbance, and adjustment disorder. (R. at 319).

On August 27, 2012, Dr. Davis prescribed Percocet after getting a second opinion. (R. at 330). He noted that Howe needed chronic pain management. (R. at 330). On September 17, 2012, Howe requested Oxycodone. (R. at 329). Dr. Davis switched her from Percocet to Oxycodone and explained that he would not keep increasing her pain medication dosage. (R. at 329). Howe had a bone density test on September 20, 2012. (R. at 343). The results were normal. (R. at 328, 343). Dr. Davis noted that x-rays revealed that hips, pubic rami, and iliac crest were normal; that the sacroiliac joints were stable; and that there was no evidence of lytic/blastic lesions or arthritic changes. (R. at 328). He noted that she had arthritis and fibromyalgia but did not need to see an orthopedist. (R. at 328). On September 26, 2012, Howe visited Dr. Davis after a fall the

previous day. (R. at 328). He noted the Oxycodone was not controlling her pain and increased the dosage. (R. at 328). Howe saw Dr. Davis on November 26, 2012 for headaches, and he noted that labs were pending. (R. at 326). Dr. Davis increased her Oxycodone on January 22, 2013 due to continuing pain and problems. (R. at 480). On February 14, 2013, Dr. Davis noted no clubbing, cyanosis, or edema; no weakness, arthritis, or gout; and no crepitus or spasm. (R. at 428). He also noted that Howe was preparing for surgery and had severe lower back pain and that her fibromyalgia was worse. (R. at 428).

An MRI performed on February 21, 2013 showed mild degenerative disk disease in the lower lumbar spine with a small L4–L5 left foraminal zone disk protrusion without spinal canal or neural foraminal narrowing. (R. at 352). On March 27, 2013, Howe complained of severe pain due to a fall three days prior. (R. at 475).

On May 9, 2012, State agency consultant Sharon Keith, M.D. opined that Howe could lift 20 pounds occasionally and 10 pounds frequently, stand and/or walk for 6 hours in an eight-hour workday, sit for 6 hours in an eight-hour workday, and push and/or pull with the same limits as for lifting/carrying. (R. at 243–50).

Howe presented for a mental diagnostic evaluation to Samuel B. Hester, Ph.D. on June 7, 2013. (R. at 437). Dr. Hester diagnosed pain disorder with both medical and psychological factors and anxiety disorder NOS. (R. at 442). He assigned a Global Assessment of Functioning (GAF) score of 52. (R. at 442). Dr. Hester opined that Howe could complete work tasks in acceptable timeframe unless those tasks exacerbate her pain issues. (R. at 443). Her findings were affirmed by Ronald Crow, D.O. on April 24, 2013. (R. at 436).

On June 10, 2013, State agency consultant Kevin Santulli, Ph.D. opined that Howe could perform work where interpersonal contact is incidental to the work performed, where the complexity of tasks is learned and performed by rote with few variables and little judgment, and where the supervision required is simple, direct, and concrete. (R. at 450–53).

Howe received treatment at Southeast Arkansas Behavioral Healthcare in December 2013. (R. at 483–90). On December 19, she was assigned a GAF score of 45. (R. at 490). Recommended treatment was outpatient individual therapy, psychiatric evaluation, psychological evaluation, and medical management. (R. at 490). On December 30, 2013, it was noted that Howe was seeking disability benefits but that she is somewhat manipulative and wants others to do all of the necessary paperwork. (R. at 483). She was started on Prozac. (R. at 485).

Howe continued to see Dr. Davis for regular care, with the last record of treatment being from April 22, 2014, where a blood test showed a normal sedimentation rate. (R. at 503–04). A medical source statement from Dr. Davis dated June 6, 2014 states that she has rheumatoid arthritis, fibromyalgia, migraine headaches, major depressive disorder, generalized anxiety disorder, hypothyroidism, peripheral edema, and mild degenerative disk disease. (R. at 513–14). This opinion was not presented to the ALJ but was presented to the Appeals Council. (R. at 5).

### III.     Discussion

The Court reviews to determine whether substantial evidence on the record as a whole exists to support the ALJ's denial of benefits. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997). "Substantial evidence" exists where a reasonable mind would find the evidence adequate to support the ALJ's decision. *Slusser v. Astrue*, 557 F.3d 923, 925

(8th Cir. 2009). The Court will not reverse merely because substantial evidence also supports a contrary conclusion. *Long*, 108 F.3d at 187.

Howe argues that the additional evidence submitted to the Appeals Council supports remand to the ALJ. Howe submitted a record from Anna Redman, M.D. from September 27, 2006 and a medical source statement from Paul Davis, M.D. (R. at 512–14).

Howe argues that the record from Dr. Redman indicates a possible diagnosis of rheumatoid arthritis. This evidence consists solely of a handwritten note that appears to read "(+) RA aunt" under the heading "FH." (R. at 512). Context dictates that this indicates a family history of rheumatoid arthritis in Howe's aunt. Aside from the contextual clues indicating this, there is nothing indicating that this note refers to any lab result or diagnosis of rheumatoid arthritis. Furthermore, the record is from September 2006, and such a record is not probative as to whether Howe was disabled as of March 14, 2012. *Freeman v. Apfel*, 208 F.3d 687, 691 (8th Cir. 2000).

As for the medical source statement from Dr. Davis, it is merely a checklist with no elaboration. (R. at 513–14). Each question on the form is simply a "yes or no" question. Such opinions are entitled to little evidentiary weight. *Taylor v. Chater*, 118 F.3d 1274, 1279 (8th Cir. 1997). This opinion is not sufficient to overcome the existing medical evidence.

The record is devoid of any confirmed diagnosis of rheumatoid arthritis. Howe has been diagnosed with only mild degenerative disk disease. (R. at 352). Her bone density study showed normal results. (R. at 343). Dr. Davis noted that her sacroiliac joints were stable. (R. at 328). She had a normal sedimentation rate. (R. at 504). Dr. Hester examined her and found that she could communicate and cope with the mental

demands of basic work tasks. (R. at 443). Overall, Howe has not produced sufficient evidence to establish her claims of disability, and the additional evidence provides little information of value.

## IV.    Recommended Disposition

The additional evidence that Howe provided does not provide a basis for remand. The ALJ's decision is supported by substantial evidence on the record as a whole and is not based on legal error. For these reasons, the undersigned magistrate judge recommends AFFIRMING the decision of the Commissioner.

It is so ordered this 14th day of March, 2017.

_____
PATRICIA S. HARRIS
UNITED STATES MAGISTRATE JUDGE